IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

LILLIAN C. ETTER, individually,
and as Co-Trustee of the McCLUGHAN
LIVING TRUST DATED JUNE 29, 2001,

    Plaintiff,

v.                                                                        Civil Action No. 3:06CV139
                                                                        (JUDGE BAILEY)

RANDY B. MAZZOTTI, individually,
and as Co-Trustee of the McCLUGHAN
LIVING TRUST DATED JUNE 29, 2001,
JULIE MAZZOTTI, and LACY J. MAZZOTTI,

    Defendants.

**ORDER DENYING PLAINTIFF'S FIRST, SECOND, AND THIRD MOTIONS FOR LEAVE TO FILE EXCESS PAGES AS MOOT, DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES AS MOOT, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL AGAINST DEFENDANTS**

I. Introduction

    A.    Background

This is an action by Plaintiff, a beneficiary and co-trustee of the McClughan Living Trust, seeking from Defendants, one of whom is a co-trustee of the trust, an accounting, a prejudgment attachment, a constructive trust, a declaratory judgment and distribution from defendants related to the assets of the McClughan Living Trust.

    B.    The Motions

        1.    Plaintiff's First Motion for Leave to File Excess Pages.[1]

---

[1] Doc. No. 37.

2. Plaintiff's First Motion to Compel Defendant Randy Mazzotti.[2]

3. Plaintiff's Second Motion for Leave to File Excess Pages.[3]

4. Plaintiff's First Motion to Compel Defendant Lacy J. Mazzotti.[4]

5. Plaintiff's Third Motion for Leave to File Excess Pages.[5]

6. Plaintiff's First Motion to Compel Defendant Julie Mazzotti.[6]

7. Defendant's Motion to File Excess Pages.[7]

C. Decisions

All the Motions for Leave to File Excess Pages are **DENIED AS MOOT**. The three Motions to Compel are **GRANTED IN PART and DENIED IN PART** as hereinafter set forth.

## II. Findings of Fact

There was no testimony taken or other evidence introduced at the evidentiary hearing.

## III. The Motions to File Excess Pages

All these motions are moot because counsel for all parties filed the motions with excess pages prior to the court ruling on these motions.[8]

---

[2] Doc. No. 38.

[3] Doc. No. 39.

[4] Doc. No. 40.

[5] Doc. No. 41.

[6] Doc. No. 42.

[7] Doc. No. 52.

[8] All counsel are advised that the Court does not prefer these motions because memoranda longer than twenty pages make it more difficult for the Court to focus on what is truly at issue.

## IV. The Motions to Compel

### A. Contentions of the Parties

Plaintiff contends defendant objected to many of plaintiff's interrogatories and requests for production by making general objections which are prohibited by the Federal Rules of Civil Procedure.

Defendants contend their objections are reasonable and they have provided all the information they have.

### B. Discussion

In interrogatories 1 through 10 and requests for production 1 through 3, 8, 9, 13, 14, 15, 16, 17, 18, 19, and 20 defendant contended that the information sought in the interrogatories and requests for production was overly broad, unduly burdensome, called for legal conclusions, requested information equally available to plaintiff or were privileged. Defendant made no specific objections, produced no evidence of burdensomeness, and demonstrated no privilege. Defendants provide no case law to support the positions asserted.

The Court must first evaluate Defendant's argument that providing only general objections to some discovery requests is legally permissible. It is well established from the published precedent of this district that general objections are impermissible. Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617, 622 (N.D. W. Va. 2006). This appears to be the clear holding of most courts. For instance, in Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982), the court stated that "the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory." The Fifth Circuit

held likewise in McLeod, Alexander, Powell & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). Many other district courts have reached this holding so that the matter is beyond serious dispute. See, e.g., A. Farber & Partners v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006); Lamoureux v. Genesis Pharm. Servs., 226 F.R.D. 154, 158 (D. Conn. 2004); St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000); Burns v. Imagine Films Entmt., 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996); Cont'l Ill. N at'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 685 (D. Kan. 1991); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980).

The Court now turns to the issue of undue burden. A party seeking to avoid discovery on the basis of an undue burden has the burden of producing evidence of that burden. Graham v. Casey's Gen. Stores, Inc., 206 F.R.D. 251, 254 (S.D. Ind. 2002). It must be specifically shown how compliance with the discovery request would result in an undue burden. Martin v. Easton Publ'g Co., 85 F.R.D. 312, 316 (E.D. Pa. 1980). If evidence is produced, a "court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436, 438 (D. Kan. 1987).

Defendant's objections based on the attorney client privilege and work product doctrine were also improper since Defendant failed to show in any way why the material should be subject to protection. The party asserting the attorney client privilege or work product doctrine has the burden of showing why it applies. In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 338-39 (4th Cir. 2005); Sandberg v. Va. Bankshares, Inc., 979 F.2d 332, 355 (4th Cir. 1992). As mentioned above, the Federal and Local Rules provide mechanisms for a party asserting a privilege to meet this burden. Fed. R. Civ. P. 26(b)(5); L.R. Civ. P. 26.04(a)(2)(A). In this case, Defendant did not

provide any of the information required by the Rules, and did not provide any other information. Defendant's entire assertion of privilege consisted of stating that the statements for legal fees were privileged. This is clearly insufficient. Defendant was not substantially justified in making so simple an assertion of privilege.

Requests for production 10, 11 and 12 seek personal information about defendants' bank statements, bank accounts, income tax returns, income statements and balance sheets. This information is only relevant to the issue of punitive damages. The practice in this district is to have such information filed under seal with the clerk until such time, if ever, the punitive damage issue is tried.

C.   Decision

All objections made by defendants are insufficient. Defendants shall answer the interrogatories and provide all information sought in the requests for production without objection to plaintiff except for requests for production 10, 11, and 12 on or before 20 days from the date of this order. Defendants shall produce the information requested in requests for production 10, 11 and 12 to the clerk under seal on or before twenty days from the date of this Order.

Filing of objections does not stay this order.

Counsel for plaintiff shall file an affidavit of reasonable expenses on or before twenty days from the date of this order. Defendants and counsel for defendants shall be given an opportunity to be heard by telephone on **March 20, 2008, at 2:00 p.m.** why reasonable expenses should not be awarded.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court the written objections identifying

the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 27, 2008

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE